# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RANDY THEODORE DAVIS, #366577　　　* | |
| 　　　　　　Plaintiff, | |
| v.　　　　　　　　　　　　* | CIVIL ACTION NO. RWT-11-944 |
| TIMOTHY R. BOZMAN　　　　　　* | |
| ROB PINCHAK | |
| CAPT. GADOMSKI　　　　　　　　* | |
| LT. NELMS | |
| 　　　　　　Defendants.　　　* | |

***

### **MEMORANDUM OPINION**

On April 12, 2011, Plaintiff Randy Theodore Davis ("Davis"), an inmate housed at the Maryland Correctional Institution in Hagerstown, filed a self-represented 42 U.S.C. § 1983 complaint against four police officers and a Motion to Proceed In Forma Pauperis. ECF Nos. 1 & 2. Because he appears indigent, Davis's Motion to Proceed In Forma Pauperis [ECF No. 2] shall be granted. However, this action shall be dismissed without prejudice.

The Court has construed Davis's Complaint for damages generously, treating it as a civil rights action raising Fourth and Fifth Amendment challenges to his detention, arrest, and prosecution. Davis seeks monetary compensation for his June 30, 2010 detention and arrest, the warrantless search of his apartment, the failure of Defendants to advise Plaintiff of his *Miranda* rights, and the use of allegedly false evidence and perjured testimony at Defendant's pre-trial hearing and trial. ECF No. 1.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that for a plaintiff to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id.* The Supreme Court directed that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The docket obtained from the Maryland Judiciary Case Search website shows that on July 2, 2010, Davis was indicted in the Circuit Court for Somerset County and charged with first-and second-degree assault, reckless endangerment, robbery, armed robbery, theft, and four firearm offenses arising out of a June 30, 2010 incident. *See State v. Davis*, Criminal Case No. 19K10009379 (copy attached). On December 8, 2010, Davis was convicted on nine of the ten counts of the Indictment after one firearm count was dismissed *nolle prosequi*. *Id.*

Plainly, the legality of Plaintiff's state convictions and his civil rights claims are intertwined. Court judgment in favor of Davis on his civil rights claims against Defendants regarding the legality of his June 30, 2010 detention and arrest; the alleged warrantless search of his apartment; and the use of false evidence and perjured testimony at his pre-trial hearing and trial would necessarily imply the invalidity of Davis's convictions. Davis has not obtained reversal or expungement of his convictions, no tribunal has declared his convictions invalid, and Davis has not obtained habeas corpus relief. Accordingly, under *Heck*, Davis's civil rights claims for damages

may not proceed in this Court at this time.  Accordingly, the Court shall dismiss Davis's complaint without prejudice.  A separate order follows.


Date:  April 29,  2011.                                         /s/
                                              ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE